RuffiN, C. J.
 

 The opinion of the Court is, that the Judgment of the Superior Court is right. An order of filiation partakes so much of the nature of summary convictions before inferior tribunals, as to make it necessary, that it should not appear to have been founded on incompetent or insufficient proof. If such defect appear upon the proceedings themselves, the order of filiation, founded thereon by the County Court, would be quashed by the Superior Court upon
 
 a certiorari.
 
 That is the course of the common law in England ; and, consequently, might be pursued here. An examination is defective, which does not appear to have been taken within three years; for that is a requisite prescribed in the statute. It follorvs, that the County Court is not bound to make an order of filiation upon such an examination, since in the Superior Court it would be set aside. But the County Court may, and ought, at once to quash the proceedings, and leave the party to be proceeded against anew. If that Court will do that, the party might submit to an order of filiation in the first instance, and then obtain his
 
 certiora-ri
 
 to quash the order. But we think, likewise, a direct appeal from the refusal of the County Court to quash is a convenient and proper method of proceeding, and in conformity with our - judicial usages. It is a course that has been generally practised here. It cannot be denied, that this is a defect, on which the accused may insist in some form or in some stage of the proceedings. The question, therefore, chiefly concerns the mode and period for doing so. It is most appropriate, that it should be so done, as not to complicate this with other objections of a different nature, but to put the decision distinctly on the defect, in point of legality or sufficiency of the examination, on which the order of fili-ation was made or moved for. Accordingly, the Court held
 
 *244
 
 in the case of the
 
 State
 
 v
 
 Carson,
 
 2 Dev. & Bat. 368, that if the accused, after taking an objection to the examination, which was erroneously overruled, proceed, under the statute, tQ tajce ^ issue †0 tpe jnry, whether he be the father of the child or not, the defect is waived ; or, rather, that it might be supplied, on the part of the State, by other evidence on the trial of the issue. The verdict upon the issue constitutes evidence of the paternity, legally complete. Consequently, the accused is precluded from objecting, that, if the order had been made before the verdict, or before he had asked for the issue, on which the verdict was rendered, it ought to have been quashed, as not being sustained by proper proof. The case there was, indeed, fully made out by the
 
 testimony
 
 of the mother on the trial of the issue ; and therefore it was sufficient for the occasion to say, that the proceedings were not rendered erroneous by the defect in the original examination, without deciding, whether that examination would have been evidence before the jury and would have been sufficient without calling the mother personally. But it has been since decided in the case of
 
 the State v Robeson, 2
 
 Ired. 46, that, upon the trial of an issue taken by'the accused, advantage cannot be taken of the defect, that the examination does not state it to have been taken within three years, but that it is, notwithstanding, competent evidence, and, of course,
 
 prima facie,
 
 evidence to the jury, according to the act. This conclusion was considered as resulting from two considerations. One was, that it was necessary, in order to prevent surprize on the trial of the issue. The other, thatit deprived the accused of no advantage, inasmuch as, if he chose to rely on the objection, he might have taken it by way of a previous motion to quash, or, by delcming the issue, he would still be entitled to a
 
 certiorari
 
 to quash. The Act did not mean to compel the accused to put his case upon an issue as to the truth of the charge, as it might be found by a jury. That is an additional privilege and security for the the accused ; leaving it still open to him to ask, in apt time and order,
 
 *245
 
 that the proceedings should be quashed for intrinsic defects. If, indeed, the supposed father moves the Comity Court to quash for any defect, which may, consistently with the truth, be supplied at the instance of the State, it is competent to low the necessary amendment. But here no motion of that-sort was made, and there is no ground for supposing that, in point of fact, this examination was taken within three years after the birth of the child. As it stands, the examination is insufficient; and therefore the proceedings were rightly quashed.
 

 Per Gupjam, Judgment of the Superior Court affirmed.